UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WETLANDS MITIGATION STRATEGIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-256-BAJ-SDJ** |
| **WEYERHAEUSER NR COMPANY** | |

## ORDER

Before the Court is Defendant's Motion to Stay (R. Doc. 41) and Plaintiff's Motion to Compel (R. Doc. 42). For the reasons given below, Defendant's Motion to Stay (R. Doc. 41) is **GRANTED in part** and **DENIED in part**, as the Court will **stay discovery** until the pending Motions for Protective Order (R. Docs. 27 and 29) are resolved and a **protective order** has been **entered**, but it will not stay discovery until Defendant's Motion to Dismiss is resolved. And because discovery is stayed until the entry of a protective order, Plaintiff's Motion to Compel (R. Doc. 42) will be **DENIED without prejudice**.

Defendant's Motion to Stay (R. Doc. 41) seeks a stay of discovery and all pending deadlines until the Court resolves both the cross-Motions for Protective Order (R. Docs. 27 and 29), as well as Defendant's Motion to Dismiss (R. Doc. 25). Just recently, the Court vacated the Scheduling Order (R. Doc. 38), mooting Defendant's request to stay all deadlines.

At the outset, the Court finds Defendant has not shown good cause to stay discovery simply because of its pending Motion to Dismiss. (R. Doc. 25). Defendant filed its original Motion to Dismiss (R. Doc. 4) in July of 2021. Following Plaintiff's amended Complaint, the original Motion

was terminated, and Defendant filed the current Motion to Dismiss on October 27, 2021 (R. Doc. 25).

According to the record, the parties to this action have not only exchanged initial disclosures (R. Doc. 8 at 6-7), they have unsuccessfully attempted to negotiate a protective order for the exchange of documents (R. Docs. 27, 29) and have both served written discovery on each other. (R. Doc. 41-2) (Plaintiff's discovery requests); (R. Doc. 42-1 at 4 n.8). Initial Disclosures were exchanged in September of 2021. Plaintiff served Defendant with discovery requests on November 5, 2021. (R. Doc. 41-2). And while it is unclear exactly when, the record suggests that Defendant also served Plaintiff with written discovery requests sometime after November 5, 2021. (R. Doc. 41-1 at 3); (R. Doc. 42-1 at 4 n.8). Finally, the parties filed cross-Motions for Protective Orders (R. Docs. 27, 29) in November of 2021. Plaintiff also served Rule 45 subpoenas on non-parties in late December of 2021. (R. Doc. 42-1 at 4).

Despite all of this activity, Defendant waited until May of 2022 to move for a stay of discovery. (R. Doc. 41). Throughout both parties' exchange of Initial Disclosures and written discovery requests, along with their unsuccessful attempts to negotiate a protective order, Defendant had pending Motions to Dismiss (R. Docs. 4, 25). For this reason, the Court cannot accept Defendant's position that it would now be unduly burdensome for it to engage in discovery due to its pending Motion to Dismiss (R. Doc. 25). And so,

**IT IS ORDERED** that Defendant's Motion to Stay (R. Doc. 41) is **DENIED** to the extent that stay is sought based on the pending Motion to Dismiss (R. Doc. 25).

However, the Court does find good cause to stay further discovery, relieving both parties of their obligations to respond to each other's discovery, until the Court rules on the pending Motions for Protective Order. (R. Doc. 27, 29).

According to Defendant, the parties in this action are business competitors and both agree to that a protective order is necessary to protect the documents that will be exchanged in discovery, but they disagree as to a handful of provisions. (R. Doc. 41-1 at 2). Indeed, both sides represent that they have not provided documents in response to each other's discovery. (R. Doc. 42-1 at 4 n.8). For that reason, the Court does not accept Plaintiff's position that it would be unfairly prejudiced in its efforts to move this litigation forward if a stay is granted until the protective orders are resolved. (R. Doc. 42-1 at 9). Were Plaintiff so eager to proceed with discovery, it would not likewise be withholding all responsive documents (even those not subject to any confidentiality designation) from Defendant, as well. (R. Doc. 42-1 at 4 n.8).[1]

Moreover, Plaintiff admits that it agreed to an informal stay of discovery between January and April of 2022, while the parties awaited rulings on their Motions for Protective Orders. (R. Doc. 48 at 2). However, it is clear that Plaintiff was no longer willing to continue that informal stay because: "If the parties wait any longer to produce documents and take depositions, the current deadline to complete all discovery of September 2, 2022 (R. Doc. 38) will be unworkable." (R. Doc. 48 at 2). While this position is understandable, the Court just recently issued an Order (R. Doc. 53) vacating the current Scheduling Order pending its resolution of the parties' discovery

---

[1] The Court must point out that Plaintiff appears to think its position to withhold documents is justified as a litigation tactic. (R. Doc. 42-1 at 4 n.8). According to Plaintiff, it informed Defendant "long ago that it was ready and willing to produce documents in response to Weyerhaeuser's document requests" without the entry of a protective order, but it "has not yet done so because it did not want to be in a position where Weyerhaeuser has not produced a single page . . . while WMS produces everything." (R. Doc. 42-1 at 4 n.8).
    First, this attitude is wholly inconsistent with a party's discovery obligations under the Federal Rules of Civil Procedure. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 581 (N.D. Tex. 2018) ("A party may not excuse its failure to comply with discovery obligations by claiming that its opposing party is similarly delinquent. Nor may a party condition its compliance with its discovery obligations on receiving discovery from its opponent.").
    Beyond that, it is no wonder the parties cannot agree on something as routine as a protective order given this view of their discovery obligations. When parties engage in this type of behavior, numerous and tedious discovery disputes are often presented to the Court for resolution, which needlessly delays the progression of a case. That is exactly what has occurred in this litigation.

Motions (R. Docs. 27, 29, 41, 42). This will relieve much of Plaintiff's understandable concerns regarding the completion of discovery before the now-vacated September 2, 2022 deadline.

While the Court is cognizant of Plaintiff's desire to move this case forward, proceeding with discovery before the entry of a protective order seems unworkable under the circumstances. This is especially true considering both sides — including Plaintiff — have refused to provide any responsive documents to their opponent in discovery.

The Court is currently considering the Motions for Protective Order (R. Doc. 27, 29) and a Status Conference is set for August 1, 2022 to discuss those Motions. Until those Motions (R. Docs. 27, 29) are resolved and a protective order is in place, the Court finds good cause to stay discovery. And so,

**IT IS ORDERED** that Defendant's Motion to Stay (R. Doc. 41) is **GRANTED** to the extent Defendant seeks a stay of discovery until the parties' Motions for Protective Order (R. Docs. 27, 29) are resolved and a protective order is entered by the Court. To be clear, **discovery** is **STAYED** in this litigation **only until** the Motions for Protective Order (R. Docs. 27, 29) are resolved and a **protective order** has been **entered** by the Court.

The Court has also considered Plaintiff's Motion to Compel (R. Doc. 42). Plaintiff asks the Court to compel Defendant to produce documents in response to Plaintiff's discovery requests. While Defendant provided written responses to both Plaintiff's Interrogatories and Requests for Production (R. Doc. 41-3), it has withheld responsive documents until a protective order is entered by the Court. Up until the end of April 2022, both sides had agreed to this withholding of documents pending a protective order. (R. Doc. 41-5). But with the discovery deadline looming, Plaintiff became understandably concerned about meeting the Court's deadline and went forward with its Motion to Compel (R. Doc. 42) on May 13, 2022.

Given that the Court has now stayed discovery until it has entered a protective order, and the parties' correspondence makes clear that the instant Motion to Compel (R. Doc. 42) would be negated by the entry of a protective order (R. Doc. 41-5 at 1) ("[I]f your position on (2) is maintained, we'll file a motion to compel your production of documents . . . . Hopefully we'll have a ruling soon and none of this will be necessary."),

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 42) is **DENIED without prejudice**. If after the entry of a protective order, Plaintiff is not satisfied with Defendant's written response and document production, and the parties are unable to resolve their issues after **conferring** in **good faith**, Plaintiff may file a renewed Motion to Compel responses to its November 5, 2021 discovery requests.

Signed in Baton Rouge, Louisiana, on July 29, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**